### J. G. RUPE v. THE STATE.

#### No. 276. Decided January 12, 1910.

**Theft—Receiving Stolen Property—Charge of Court—Circumstantial Evidence.**

Where the defendant was tried both for theft and receiving the alleged stolen property, and the evidence as to both offenses was entirely circumstantial, and the court in his charge submitted the law of circumstantial evidence as to the charge of theft, but failed to submit a similar charge as to the charge of receiving stolen property, there was reversible error.

Appeal from the District Court of Midland. Tried below before the Hon. S. J. Isaacks.·

Appeal from a conviction of theft and receiving stolen property; penalty, two years in the penitentiary.

The opinion states the case.

*Jno. B. Howard,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the ·District Court of Martin County, charged with the theft of certain jewelry therein described, alleged to be the property of one C. S. Robinson. The court upon his own motion changed the venue of said cause to Midland County.

There were three counts in the indictment. The first count charged theft of property from the possession of Robinson; the second, the theft of said property from one W. E. Bowmer, who was holding same for Robinson, and the other charged· appellant with unlawfully receiving and concealing said property from some person to the· grand jurors unknown. The second count in the indictment was on motion quashed. The first· and third counts were submitted on the trial to the jury. Appellant was found guilty under the third count. The case is somewhat similar to the case of W. E. Bowmer v. State, 55 Texas Crim. Rep., 416, 116 S. W. Rep., 798. The facts show briefly that Robinson was the owner of a small jewelry establishment in Stanton in Martin County, and also manager of the local telephone company and that Bowmer was his clerk and en-

gaged about his jewelry business. Appellant seems to have been a painter. About the time charged in the indictment a considerable quantity of jewelry was taken from the store and on the morning thereafter, Robinson found the store door open, the safe door open and much of the property gone. Among others appellant was arrested about a month thereafter and quite a quantity of the jewelry found in his possession. His contention was, in substance, that Robinson had said to him that he was in failing condition and had been compelled to make over or fix a lien on the property in favor of Bowmer to delay if not defraud certain of his creditors; that he had some apprehension that Bowmer would undertake to hold the property adversely to him, and asked appellant to hold and retain possession of the jewelry until matters could be adjusted and that in pursuance of this arrangement he brought the jewelry to appellant's house. This was all denied by Robinson, who disavowed any connection with this arrangement or any knowledge or complicity in any abstraction or taking of the goods. The investigation took a right wide range and there are a large number of bills of exceptions in the record, some of which we do not quite understand. They are all quite brief and general and we are not prepared to hold that there was any error in the action of the court in respect to any of the matters therein noted.

1. We think, however, the case must be reversed for the failure of the court to charge the law of circumstantial evidence as this rule would affect appellant's guilt under the third count in the indictment. In the court's charge the jury are thus instructed: "In this case the State, in the first count, relies for a conviction upon circumstantial evidence and in order to warrant a conviction upon such evidence each fact necessary to establish the guilt of the accused must be proved by competent evidence, beyond a reasonable doubt and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused committed the offense." The court then instructs the jury that if they should find the defendant not guilty under the first count in the indictment they may consider the third count of same, and thereupon defines the offense of receiving and concealing stolen property, but gives no charge on circumstantial evidence as affecting this offense. In this condition of the record it is contended by counsel for appellant, and was made a ground of his motion for new trial, that not only should a charge on circumstantial evidence have been given in respect to the last count in the indictment, but that the giving of such charge as to the first count and applying the rule directly thereto and giving no such charge as to the third count, was particularly harmful and was in effect equivalent to an assumption

by the court that there was direct and positive testimony touching the last count in the indictment, though not upon the first count therein. If the language of the charge on circumstantial evidence had been applied to the case generally it would have been sufficient, but where, as in this case, the charge was limited to the first count only, we think ·it must be held that it was erroneous and most probably harmful to the rights of appellant. On the issue of receiving and concealing stolen property it was essential for the State to prove theft and in addition thereto that the same was ·fraudulently received and concealed by appellant, knowing same to be stolen. The testimony in respect to both issues was circumstantial and this rule of law should have been applied to both counts in the indictment.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*